NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR MUGLIA, JR., | Hon. Stanley R. Chesler |
| Plaintiff, | Civ. A. No. 04-4343(SRC) |
| v. | |
| COMMISSIONER DEVON BROWN, et al., | **OPINION and ORDER** |
| Defendants. | |

**CHESLER**, District Judge

    This matter having come before the court pursuant to Defendant Correctional Medical Services' ("CMS") motion for partial summary judgment as to all claims of medical malpractice; and

    **IT APPEARING** that Defendant CMS contends that Plaintiff's failure to serve an affidavit of merit on it constitutes a failure to state a claim upon which relief can be granted as to the medical malpractice allegations set forth in his complaint; and

    **IT FURTHER APPEARING** that the N.J.S.A. 2A:53A-27 provides that a plaintiff shall, within sixty (60) days following the date of filing of the answer to the complaint by a defendant, provide the defendant with an "affidavit of an appropriate licensed person that there exists a reasonable probability" that a meritorious malpractice claim exists; and

    **IT FURTHER APPEARING** that the "purpose of N.J. Stat. Ann. 2A:53A-27 is to weed out frivolous lawsuits early in the litigation, while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court," Newell v. Ruiz, 286 F.3d 166, 170 (3d Cir.

2002) (internal citations omitted); and

**IT FURTHER APPEARING** that "where a plaintiff fails to comply with the filing requirements of [N.J.S.A. 2A:53A-27], a motion to dismiss should be granted with prejudice in all but extraordinary circumstances," because the "purpose of this statute was to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious," and the "[f]ailure to provide this threshold showing constitutes a failure to state a cause of action against that defendant," Kubiak v. Robert Wood Johnson University Hospital, 332 N.J. Super. 230, 236 (App. Div. 2000) (internal citations omitted); and

**IT FURTHER APPEARING** that Defendant CMS answered the complaint on or about November 8, 2004; and

**IT FURTHER APPEARING** that Defendant CMS asserts that Plaintiff has not served an affidavit of merit within sixty days of the date Defendant filed its answer; and

**IT FURTHER APPEARING** that to date, Plaintiff has not filed opposition to the instant motion, despite the Court's order of April 12, 2005 extending the date on which Plaintiff could respond from April 4, 2005 to April 18, 2005;

**IT IS** on this 23rd day of May, 2005, hereby

**ORDERED** that Defendant Correctional Medical Services' motion for partial summary judgment as to all claims of medical malpractice [docket #14] is Granted.

                                                              s/
                                                Stanley R. Chesler, U.S.D.J.