**NOT FOR PUBLICATION** [40]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
ARTHUR L. MUGLIA, JR.,            :     Civil Action No. 04-4343 (FLW)
:
      Plaintiff,             :
:                **OPINION**
   v.                              :
:
DEVON BROWN, Commissioner of      :
the New Jersey Department of      :
Corrections, *et al.*,            :
:
      Defendants.            :
_____:

**WOLFSON, District Judge**

      Presently before the Court is a motion by defendants Devon Brown, Commissioner of the New Jersey Department of Corrections, the State of New Jersey, the Department of Corrections, the Health Services Unit of the Department of Corrections, the Quality Assurance Section of the Health Services Unit of the Department of Corrections, the Central Reception and Assignment Facility, Charles Leone, Administrator of Bayside State Prison, Terrance Moore, Administrator of the East Jersey State Prison, Bruce Hauck, Administrator of the Central Reception & Assignment Facility, Richard Forman, and Mr. Harden (collectively, the "State Defendants") to dismiss the Plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6). Alternatively, the State Defendants seek summary judgment, pursuant to Fed. R. Civ. P. 56(c), on Plaintiff's claims against them. Plaintiff alleges various federal and State law claims against the State Defendants arising from injuries allegedly occurring during transport between correctional facilities and subsequent inadequate medical treatment. The Court has jurisdiction pursuant to 28 U.S.C. §§

1331 and 1367.  For the reasons that follow, I find that Plaintiff failed to exhaust his administrative remedies and thus on that basis dismissal of Plaintiff's federal Constitutional claims is appropriate and the other grounds for summary judgment on the federal claims are not addressed.  Furthermore, Plaintiff's State law claims must be dismissed for failure to file timely Notices of Tort Claims.

I.   BACKGROUND

Plaintiff is an inmate with the New Jersey Department of Corrections serving a seven year sentence for theft and resisting arrest.  Currently, Plaintiff is assigned to a halfway house in Newark, New Jersey.  Def. Stmt. of Undisputed Material Facts ¶ 1.  Plaintiff was previously in custody under a sentence of up to five years for multiple offenses.  Def. Stmt. of Undisputed Material Facts ¶ 2.

On September 6, 2002, after receiving disciplinary sanctions for violation of a prohibited act while committed at Bayside State Prison ("BSP"), Plaintiff was transported from BSP to the Administrative Close Segregation Unit at East Jersey State Prison ("EJSP").  Def. Stmt. of Undisputed Material Facts ¶¶ 3-4; Compl., Count One, ¶¶ 23-24.  During transport, Plaintiff was shackled with leg irons, belly chains, and wrist shackles and secured to the seat inside the bus in which he was traveling.  The facts as to what occurred next differ somewhat, however, the parties agree that as the bus was exiting from Route 206 onto the Route I-295 North exit ramp, the seat to which Plaintiff was shackled became disengaged from the floor of the bus causing Plaintiff to fall onto the floor of the bus.  Defendant transportation officers, Harden and Forman, contend that it was at that point that they heard a noise coming from the inmate compartment of the bus and Officer Harden saw that Plaintiff was lying on the floor of the bus with his legs in the air.

Plaintiff alleges that the seat became disengaged from the floor as the bus made a sudden turn onto the exit ramp at which time he and the seat to which he was shackled ripped from the frame of the chassis of the vehicle, "launching and catapulting Plaintiff (and his seating unit) into the air, across to the other side of the vehicle." Compl., Count One, at ¶ 27.

Plaintiff contends that following his fall, Defendants Forman and Harden refused to call for or provide emergency medical care and when they finally stopped the transport vehicle they made no attempt to secure medical assistance despite his complaints that he was unable to move his legs or torso without pain. Compl. at ¶¶ 30-31. Defendants Harden and Forman concede that they drove the bus to the Department's Central Receiving and Assignment Facility ("CRAF") following the dislodgement of Plaintiff's seat, but that they continued to monitor his progress while on route and that upon arrival at CRAF, Plaintiff was immediately taken to the medical department. Forman Aff. ¶¶ 5-6; Harden Aff. ¶¶ 5-6. In the weeks following the incident, Plaintiff was seen by medical staff at EJSP on five separate occasions. Def. Stmt. of Undisputed Material Facts ¶ 12.

On September 7, 2004, Plaintiff filed the instant action against the State Defendants alleging violations of his constitutional and civil rights, pursuant to 42 U.S.C. § 1983, and various State law claims. Additionally, Plaintiff filed claims against Correctional Medical Services ("CMS") for medical malpractice, professional negligence, gross negligence, and recklessness. Plaintiff also named various "Bus Defendants" alleging products liability claims, and named his former attorney, Louis C. Esposito, Esq., for the failure to timely file a Notice of

Tort Claim as required by N.J.S.A. § 59:8-1 *et seq.*[1] On May 23, 2005, the medical malpractice claims against CMS were dismissed based upon Plaintiff's failure to comply with the filing requirements of N.J.S.A. 2A:53A-27. Similarly, the claims against Louis Esposito, Esq. were dismissed by stipulation of the parties, upon Esposito's Motion to Dismiss for failure to comply with New Jersey's Affidavit of Merit Statute, N.J.S.A. 2A:53A-27. The various "Bus Defendants" have made no appearance in the instant action. On February 23, 2007, pursuant to a Scheduling Order issued by the Hon. Tonianne J. Bongiovanni, U.S.M.J., the State Defendants filed the instant motion alleging that (1) Defendants State of New Jersey, Department of Corrections, Central Reception Assignment Center, Health Services Unit, Quality Assurance Section and the remaining Defendants as State officials named in their official capacities are not "persons" amenable to suit under 42 U.S.C. § 1983; (2) Defendants Brown, Hauck, Moore, and Leone are entitled to summary judgment because Plaintiff's claims against them under § 1983 cannot be premised upon a theory of *respondeat superior*; (3) Defendants State of New Jersey, Department of Corrections, Health Services Unit, Quality Assurance Section and Defendants in their official capacities must be dismissed because they are barred by the 11th Amendment; (4) Defendants are entitled to summary judgment because they did not act with deliberate indifference; (5) Defendants are entitled to summary judgment because Plaintiff is unable to prove his claims without the testimony of an expert; (6) Defendants are entitled to qualified immunity; (7) Defendants are entitled to summary judgment as to Plaintiff's State law claims

---

[1] The Court notes that at all times during the pendency of this action before this Court, Plaintiff was represented by counsel, Mark S. Guralnick, Esq.

based upon Plaintiff's failure to comply with the New Jersey Tort Claims Act; and (8) Plaintiff's federal claims are barred by his failure to exhaust his administrative remedies.

Plaintiff filed his opposition to the motion on March 15, 2007, asserting, among other things, that because Plaintiff was not challenging "prison conditions" he was not required to comply with the exhaustion requirement of the Prison Litigation Reform Act. Because Plaintiff failed to factually address whether he had filed any grievances with the State Defendants, this Court convened a conference call with counsel for the parties on May 4, 2007, during which Plaintiff's counsel confirmed that Plaintiff had not exhausted his administrative remedies in connection with the claims raised by the State Defendants in the instant action.

## II.     DISCUSSION

### A.     Standard of Review

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir.2003) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

When a party styles its motion as a motion to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56, and attaches material outside the pleadings to

its motion papers, a court "has the discretion to accept the extraneous material and convert the motion into one for summary judgment." Gunson v. James, 364 F.Supp.2d 455, 460-61 (D.N.J.2005); see also Fed.R.Civ.P. 12(b). However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir.1999) (emphasis and citations omitted). In the instant matter, the State Defendants indeed attach materials outside the pleadings to their motion papers, which will be considered by this Court in deciding the instant motion and will therefore require conversion of the motion to dismiss to one for summary judgment.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. (56)(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as

6

to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248. In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002)(citations omitted).

      B.      **Plaintiff's Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted the PLRA in 1996, "largely in response to concerns about the heavy volume of frivolous prison litigation in the federal courts." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Alexander v. Hawk, 159 F.3d 1321, 1326 n.11 (6th Cir.1999) (citing 141 Cong. Rec. H14078-02, H14105 (daily ed. Dec. 6, 1995)). Section 1997e(a) was designed to reduce the quantity and improve the quality of prisoner lawsuits and afford corrections officials an opportunity to address complaints internally before allowing the initiation of a federal suit. Jones v. Bock, 127 S.Ct. 910, 914-15, 166 L.Ed.2d 798 (2007) (citing Woodford v. Ngo, 126 S.Ct. 2378, 2388, 165 L.Ed2d 368 (2006)). Additionally, internal review filters out frivolous claims and facilitates adjudication of those claims that are ultimately brought to federal court by providing an administrative record outlining the controversy. See Woodford, 126 S.Ct. at 2388.

The PLRA requires an inmate to exhaust all administrative remedies prior to bringing a federal action challenging prison conditions, whether or not such remedies provide the inmate with the relief the inmate says he or she desires in the federal action. Nyhuis, supra, 204 F.3d at 71. The PLRA requires "proper exhaustion", which compels compliance with the system's critical procedural rules. Woodford, supra, 126 S.Ct. at 2388. Failure to exhaust administrative remedies is an affirmative defense, and the defendant bears the burden of pleading and proof. See Jones v. Bock, supra, 127 S.Ct. at 921 ("[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specifically plead or demonstrate exhaustion in their complaints."); see also Ray v. Kortes, 285 F.3d 287, 295 (3d Cir. 2002). Exhaustion of administrative remedies is mandatory, regardless of any limitations on the kind of relief available through the grievance process. Woodford, supra, 126 S.Ct. at 2382-83(citing Booth v. Churner, 532 U.S. 731, 734, 739 (2001). In addition, "Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." Woodford, supra, 126 S.Ct. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The Third Circuit has held that the exhaustion requirement in the PLRA applies to a grievance procedure set forth in an inmate handbook not formally adopted by a state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002). It is undisputed that EJSP makes available to the inmate population the administrative remedy process through the inmate handbooks. Power Aff., ¶¶ 6-7. The EJSP Handbook provides that the Administrative Remedy procedures are created to provide an "avenue for all inmates to express their problems, knowing that a complaint will be investigated by an appropriate staff member." See Power Aff., Ex. A. The Mid State Correctional Facility Handbook states "[t]he

system has been established to provide inmates with a procedure for requesting information from appropriate staff persons on a first-step basis, or filing a complaint regarding concerns or problems they may be experiencing." Ralph Aff. Ex. A, B.

  Here, the State Defendants, pointing to the undisputed fact that Plaintiff was a prisoner incarcerated with the New Jersey Department of Corrections at the time he filed the Complaint (see Dill Aff., Ex.C), contend that there is no question that the exhaustion requirement applies to Plaintiff.  In support of their motion, Defendants submit the affidavit of Thomas M. Power, Associate Administrator of EJSP, who states that he conducted a search of the tracking log books and tracking database to determine whether any forms were filed by Plaintiff and that his search showed that Plaintiff did not file any Inmate Request Forms, Interview Request Forms, or Administrative Remedy Forms while he was in custody at EJSP.  Power Aff. ¶¶ 4-5.  Similarly, Christy Ralph, Program Development Specialist at the Mid State Correctional Facility, states that she conducted a search of the tracking database to determine whether any forms were filed by Plaintiff while in custody at Mid State Correctional Facility and that her search showed three forms unrelated to the instant action.  Ralph Aff. ¶¶ 4-5   Additionally, the State Defendants cite Plaintiff's deposition testimony wherein he concedes that he did not file administrative remedy forms in connection with his claims in this action.  Ex. A, T66:11; T76:5-21.

  As previously noted, during a conference call convened by the Court on May 4, 2007, Plaintiff's counsel conceded that Plaintiff has indeed failed to exhaust his administrative remedies.  Plaintiff's only opposition to the State Defendants' motion to dismiss his federal claims for failure to exhaust administrative remedies is his contention that the PLRA's exhaustion requirements are inapplicable.  Plaintiff argues that because he is not challenging

"prison conditions", but, rather, a single momentary event, the requirements of the PLRA do not apply.  In support of this contention, Plaintiff cites the decision of the Second Circuit in Nussle v. Willette, 224 F.3d 95 (2d Cir. 2000), rev'd 534 U.S. 516 (2002), which has been reversed by the Supreme Court.  See Porter v. Nussle, 534 U.S. 516 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")   Additionally, there is no support for Plaintiff's contention that the PLRA is inapplicable because "[f]iling a grievance through the prison system would not and could [not] rectify the harm that had already been caused."  Pl. Br. at p. 25.  See Woodford, supra, 126 S.Ct. at 2382-83("[A] prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process.")(citing Booth v. Churner, 532 U.S. 731, 734, 739 (2001)).   Because the Court finds that there is no legal support for Plaintiff's position and no genuine issue of fact that would preclude the grant of summary judgment to the State Defendants as to Plaintiff's federal claims, the State Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies is granted.

    **C.**    **Plaintiff's State Law Claims**

The New Jersey Tort Claims Act ("NJTCA") sets forth a procedural framework for making claims against public entities and public employees. N.J.S.A.  59:8-1 *et seq*.  The NJTCA establishes precise time limitations within which a claim may be brought against public entities and employees. N.J.S.A. 59:8-8.  The filing of a notice of claim is a prerequisite to maintaining a suit against a public entity. N.J.S.A.  59:8-3.  By its terms, the statute requires that a notice of

claim be presented no later than ninety days after the accrual of the cause of action. N.J.S.A. 59:8-8.

The State Defendants seek dismissal of Plaintiff's State law claims against them on the grounds that Plaintiff has failed to comply with the notice requirements of N.J.S.A. 59:8-8. In support of their motion, the State Defendants submit the affidavit of Terri Adams, Bureau Chief for the State of New Jersey, Department of Treasury, who states that she conducted a thorough check of the records and has confirmed that Plaintiff never filed a notice of tort claim involving the Attorney General or with the State's departments and agencies pursuant to N.J.S.A. 59:8-8. Adams Aff. ¶ 5.

In his opposition, Plaintiff failed to address the applicability of N.J.S.A. 59:8-8 to his State law claims against the State Defendants. Rather, Plaintiff simply addressed the inapplicability of the New Jersey Tort Claims act to his claims brought under 42 U.S.C. § 1983. During the May 4, 2007 conference call with counsel for the parties, Plaintiff's counsel conceded that Plaintiff failed to provide notice as required by the New Jersey Tort Claims Act and, accordingly, is not pursuing his State law claims against the State Defendants. Additionally, Plaintiff's counsel advised the Court that Plaintiff is not pursuing any remaining claims against the CMS Defendants, or any of the other remaining Defendants in this case, including the "Bus Defendants". Accordingly, the State Defendant's motion for summary judgment as to Plaintiff's State law claims is granted and any and all claims against the remaining Defendants are dismissed.

### III. CONCLUSION

For the reasons discussed herein, the State Defendants' motion for summary judgment is GRANTED based upon Plaintiff's failure to exhaust administrative remedies and failure to file proper notice as required by the New Jersey Tort Claims Act.  Additionally, in accordance with the representations to the Court during the May 4, 2007 conference call by Plaintiff's counsel that the remaining claims against CMS and any other named defendants are not being pursued by Plaintiff, any and all remaining claims are hereby dismissed.  An appropriate order will follow.


Dated: May 16, 2007                         /s/ Freda L. Wolfson
                                            Honorable Freda L. Wolfson
                                            United States District Judge